UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| BROADCAST MUSIC, INC.; MIRAN PUBLISHING; RONDOR MUSIC INTERNATIONAL, INC., d/b/a IRVING MUSIC; EMI BLACKWOOD MUSIC, INC.; SONG A TRON MUSIC; MJ PUBLISHING TRUST D/B/A MIJAC MUSIC, | |
| | CIVIL ACTION NO.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| BUONA FORTUNA INC. d/b/a PORTOBELLO FEASTS; FRANK AMEN, individually, | |
| Defendants. | |

---

Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York, 10007. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical

1

compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff MJ Publishing Trust is a trust doing business as Miran Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Song A Tron Music is a partnership owned by Allen George and Fred Mc Farlane. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Defendant Buona Fortuna Inc. is a corporation organized and existing under the laws of the state of New Jersey, which operates, maintains and controls an establishment known as Portobello Feasts, located at 175 Ramapo Valley Road, Oakland, New Jersey in this district (the "Establishment").

11. In connection with the operation of this business, Defendant Buona Fortuna Inc., publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12. Defendant Buona Fortuna Inc. has a direct financial interest in the Establishment.

#1727144 v1
110887-78177

13.     Defendant Frank Amen is an officer of Defendant Portobello Feasts, with responsibility for the operation and management of that corporation and the Establishment.

14.     Defendant Frank Amen has the right and ability to supervise the activities of Defendant Buona Fortuna Inc., and a direct financial interest in that corporation and the Establishment.

## **CLAIMS OF COPYRIGHT INFRINGEMENT**

15.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 14.

16.     Plaintiffs allege four claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

17.     Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the four claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

#1727144 v1
110887-78177

18. For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of the work (all references to Lines are lines on the Schedule).

19. For each work, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

20. For each work, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

21. For each work, on the date(s) listed on Line 7, Defendants performed and/or caused the musical composition identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

22. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

#1727144 v1
110887-78177

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.


Dated:  December 1, 2011						Respectfully submitted,

**GIBBONS P.C.**


By: s/Owen J. McKeon
        Owen J. McKeon

One Gateway Center
Newark, NJ 07102-5310
Tel:  973-596-4503
Fax:  973-639-6224
E-Mail:  omckeon@gibbonslaw.com

*Attorneys for Plaintiffs*

#1727144 v1
110887-78177